IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DISTRICT

| | | |
|---|---|---|
| JOSHUA SMITH<br>1676 East 85th Street<br>Cleveland, Ohio 44106 | )<br>)<br>) | CASE NO.: |
| | ) | JUDGE: |
| Plaintiff, | )<br>)<br>) | **COMPLAINT FOR DAMAGES** |
| vs. | )<br>) | (JURY DEMAND ENDORSED<br>HEREIN) |
| CUYAHOGA COUNTY<br>c/o Office of the Prosecuting Attorney<br>The Justice Center<br>1200 Ontario Street<br>Cleveland, Ohio 44113 | )<br>)<br>)<br>)<br>)<br>) | |
| and | )<br>) | |
| CUYAHOGA COUNTY SHERIFF'S<br>DEPARTMENT<br>1215 West 3rd Street<br>Cleveland, Ohio 44113 | )<br>)<br>)<br>) | |
| Defendants. | ) | |

Plaintiff Joshua Smith, by and through the undersigned, and as his Complaint against Defendants states and avers the following:

**PARTIES & VENUE**

1. Smith is a Corrections Officer at the Justice Center.

2. Smith is an employee of the Cuyahoga County Sheriff's Department.

3. Cuyahoga County is a political subdivision of the State of Ohio and the Sheriff's Department is a division of the County.

4. All material events alleged in this Complaint occurred in Cuyahoga County.

5. This is an action brought under 42 U.S.C. § 1983, alleging violations of Plaintiff's Fourth and Fifth Amendment rights to be free from unreasonable searches.

6. Jurisdiction is proper over Defendant pursuant to 29 U.S.C. § 1331, in that Smith is alleging violations of the Constitution of the United States.

7. Smith brings Count III pursuant to Ohio Rev. Code § 4112.052(B)(2)(a) and, subject to amendment of this complaint, seeks only injunctive relief as to that count.

8. The Court has supplemental jurisdiction over the state law claims alleged herein, pursuant to 28 U.S.C. § 1367.

9. Venue is properly placed in the Unites States District Court for the Northern District of Ohio, Eastern Division, because it is the Court for the district, division, and county within which a substantial part of the events giving rise to this Complaint occurred.

10. This Court is a court of general jurisdiction over all subject matters of this Complaint and the claims presented herein.

**FACTS**

11. On or about September 15, 2008, the County hired Smith as a Corrections Officer.

12. In over fourteen years of service as a County employee, Smith has never been subjected to any formal discipline.

13. On or about April 22, 2022, upon entering the Justice Center employee access area, Smith passed through a body scanner.

14. After passing through the scanner, Protective Services Officer Tina Franks approached Smith and told him, "Mr. Smith, your manhood is causing a problem."

15. PSO Franks further informed Smith that, "I don't know how to say this, but your junk, your stuff, Mr. Smith, is the problem."

16. PSO Franks then instructed Smith to go through the scanner again.

17. Smith complied with PSO Franks' instruction and went through the scanner again.

18. After Smith went through the scanner the second time, PSO Franks called PSO Marcus Allen over to assist.

19. Following some conferring between PSO Franks and PSO Allen, Justice Center Corporal Michael Bailey arrived, and Smith was instructed to go through the scanner a third time.

20. Smith complied with the instruction and went through the scanner again.

21. PSO Franks instructed Smith to enter a private screening area.

22. Upon entering the private screening area, PSO Allen informed Smith that Smith would need to be searched.

23. PSO Allen further informed Corporal Bailey that, "The machine says he has something by his private area. He has to be searched."

24. Corporal Bailey informed Smith, "Josh, they're saying this has to be done."

25. Smith asked Corporal Bailey and PSO Allen if he needed to take down his pants and Allen responded that he did.

26. PSO Allen informed Smith that they could not see the area that the scanner indicated was problematic.

27. Smith asked if he needed to pull down his underwear and PSO Allen responded that he did.

28. Smith complied with PSO Allen's instruction.

29. Smith was instructed to lift his testicles so that PSO Allen and Corporal Bailey could search that area.

30. Smith complied with the instruction to lift his testicles.

31. PSO Allen and Corporal Bailey detected no contraband on Smith's person.

32. At no time during the above interaction did Allen, Franks, or Bailey articulate any specific suspicion concerning Smith.

33. Even after the fact, the County employees identified above were unable to articulate any suspicion beyond describing Smith as having an "area of concern."

34. In past practice, when the body scanner has revealed potential contraband on the person of a female employee, the protective services officers have escalated the matter to an Assistant Warden.

35. In past practice, when the body scanner has revealed potential contraband on the person of a female employee, the County has made use of a K9 unit to search the employee.

36. In past practice, when the body scanner has revealed potential contraband on the person of a female employee, the County has employed a less invasive pat down search.

37. In past practice, when the body scanner has revealed potential contraband on the person of a female employee, the County has used a handheld wand-type scanner to search the employee.

38. None of the aforementioned less invasive methods were employed as to Officer Smith, a male employee.

### COUNT I: VIOLATION OF SMITH'S FOURTH AND FIFTH AMENDMENT RIGHTS

39. Smith realleges all prior paragraphs of this Complaint.

40. Smith has the right to be free from unreasonable searches and seizures as guaranteed by the Fourth and Fifth Amendments to the Constitution of the United States.

41. The strip search of a corrections employee in this District requires, at minimum, reasonable suspicion.

42. Smith's right to be free from unreasonable search, and the County's obligation to not conduct a strip search of a corrections employee without, at least, reasonable suspicion are facts of which a reasonable official person would be aware.

43. Defendants knowingly and purposefully compelled Smith to submit to a strip search, without reasonable suspicion, much less probable cause, in contravention of

the aforementioned standard and, in doing so, violated Smith's rights under the Fourth and Fifth Amendments.

44. Defendants were acting in their official capacity, under color of law.

45. Smith suffered damages, including emotional distress, humiliation, loss of professional reputation, loss of self-esteem, and loss of future income, as a result of Defendants' unlawful acts.

## COUNT II: VIOLATION OF OHIO REV. CODE § 2933.32

46. Smith realleges all prior paragraphs of this Complaint.

47. § 2933.32 requires that no law enforcement officer or other employee of a law enforcement agency may conduct a strip search without probable cause to believe the subject is concealing evidence of the commission of a criminal offense.

48. § 2933.32 requires that, absent a legitimate medical reason or medical emergency, no strip search may be conducted without the written authorization of the person in command of the law enforcement agency or her specific designee.

49. § 2933.32 requires that upon completion of a strip search, the person who conducted the search must memorialize the facts upon which she based her probable cause determination.

50. Defendants did not have probable cause to believe that Smith was concealing evidence of the commission of a crime.

51. The officers who strip searched Smith did not get written approval prior to strip searching Smith.

52. The officers who strip searched Smith did not memorialize the facts upon which they made a probable cause determination.

53. § 2933.32 provides that Smith may commence this action seeking compensatory damages for loss to person, property, and indignity, as the result of Defendants' violations of that section.

54. Smith suffered damages, including emotional distress, humiliation, loss of professional reputation, loss of self-esteem, and loss of future income, as a result of Defendants' unlawful acts.

### COUNT III: VIOLATION OF OHIO REV. CODE § 4112.02

55. Smith realleges all prior paragraphs of this Complaint.

56. Ohio Rev. Code § 4112.02 proscribes discrimination upon the basis of sex as to any terms, conditions, or privileges of employment.

57. When the body scanner has revealed potential contraband on the person of a female employee, the County has employed a less invasive pat down search.

58. When the body scanner has revealed potential contraband on the person of a female employee, the County has used a handheld wand-type scanner to search the female employee.

59. When the body scanner has revealed potential contraband on the person of a female employee, the County has made use of a K9 unit to search the employee.

60. The Defendants strip searched Smith, as opposed to utilizing any of the above-referenced less invasive search means, because Smith is a male.

61. Defendants' strip search of Smith, as opposed to their use of less invasive means of search as to female employees, was unlawful gender discrimination in contravention of Ohio Rev. Code § 4112.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Joshua Smith respectfully requests that this Honorable Court grant the following relief:

1. An award against the County of damages to compensate Smith for back pay, front pay, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim, as to Counts I and II;

2. An award of reasonable attorney's fees and costs for Smith's claims as allowable and/or required under law;

3. As to Count III, Smith's claim under Ohio Rev. Code § 4112, specifically reserving his right to amend this complaint pursuant to Ohio Rev. Code § 4112.052(B)(3), Smith is seeking only injunctive relief, and is specifically requesting that this Honorable Court enjoin Defendants from their current practice of subjecting male employees to strip searches when less invasive means are available, as is the practice with female employees.

4. Any award of other relief that this Court may deem necessary and proper.

        Respectfully submitted,

        *s/ Peter C. Mapley*
        Peter C. Mapley (0092359)
        Sean H. Sobel (0086905)
        **SOBEL, WADE & MAPLEY, LLC**
        55 Erieview Plaza, #370
        Cleveland, Ohio 44114
        (216) 223-7213
        mapley@swmlawfirm.com
        sobel@swmlawfirm.com

        *Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff Joshua Smith demands a trial by jury by the maximum number of jurors permitted.

                                              *s/ Peter C. Mapley*
                                              Peter C. Mapley (0092359)